MARY GLEATON, plaintiff in error, vs. JOHN B. LEWIS AND SON, defendants in error.

A donee of property from a person just before his death, taking or retaing possession of the property, the deceased having died at her house, becomes executor *de son tort*, if there are creditors.

Assumpsit from Worth. Tried before Judge POWERS, October Term, 1857.

John B. Lewis and son, brought suit against Mary Gleaton, as executrix of James C. Gleaton, deceased, on three notes, amounting to about eighty dollars, due to them by deceased.

Defendant pleaded *ne unques executor.*

Plaintiffs read in evidence the notes; they then offered a deed of gift from the deceased to defendant, who was his mother, of "one chesnut sorrel mare, one hundred and fifty dollars in money, and also the amount due him by Jacob J. Slappy, and the amount of corn I now possess;" dated 16th February, 1853, and recorded on the 9th May, 1853. They also proved by the subscribing witnesses, that this deed was executed on the same evening, or the evening before James C. Gleaton died; that it was voluntary and without any other consideration than love and affection, as recited in the instrument; that the mare was worth $125.

14$\frac{m}{88}$VOL. XXIV.

Gleaton vs. Lewis and son.

Plaintiffs closed, and defendant moved for a nonsuit. The Court refused the motion, and defendant excepted.

Defendant then asked the Court to charge the jury that plaintiffs were only entitled to recover, upon *proving*, that James C. Gleaton died insolvent, and that the property conveyed to defendant was necessary to pay his debts. This the Court declined to charge, but stated that it was proven, that the mare was in her possession, and directed the jury to find for plaintiffs the amount of their debt, that not exceeding the value of the mare. The jury so found, and counsel for defendant excepted.

P. J. STROZIER, for plaintiff in error.

THOMAS H. DAWSON, *contra*.

*By the Court.*—McDONALD, J. delivering the opinion.

The deed of gift was made by the deceased, to the plaintiff in error, on the same evening, (or the evening preceding,) of his death. It was a voluntary conveyance. The deceased died at the house of the plaintiff in error, and the mare remained in her possession. The deed, though binding on James C. Gleaton and his heirs, executors, and administrators, was void as to his creditors. If there had been a rightful executor, he could not have claimed the property, for the deed was good and binding on the donor and his representatives, but the donee by receiving and using the property became executrix in her own wrong. There may be a rightful and an executor *de son tort* of the same person. *Bac. Al. executors and adm. B. 3. Dorsey vs. Smithson*, 6 *Har. & John.* 61.

Judgment affirmed.